**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

BETTYE J. TURNER,

        Plaintiff,

    -against-

ZIMMER, INC.; ZIMMER HOLDINGS, INC.;
WILSON/PHILLIPS HOLDINGS, INC. a/k/a ZIMMER
WILSON PHILLIPS AND ZIMMER ORTHOPAEDIC
SURGICAL PRODUCTS, INC.,

        Defendants.

**CASE NUMBER:**
1:11-cv-5146-DLC

**MEMORANDUM IN SUPPORT OF THE ZIMMER DEFENDANTS'
MOTION TO STAY PENDING
TRANSFER TO MULTIDISTRICT PROCEEDING**

        The defendants, Zimmer Surgical, Inc. (f/k/a Zimmer Orthopaedic Surgical Products, Inc.), and Wilson/Phillips Holdings, Inc. (collectively, "the Zimmer Defendants"), respectfully move this Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, to stay all proceedings, including but not limited to any deadline to answer or otherwise respond to the Complaint, the period for initial disclosures pursuant to Rule 26, and all other discovery and pretrial deadlines, pending transfer of this action to the Northern District of Illinois as part of multidistrict proceedings styled *In Re: Zimmer NexGen Knee Implant Products Liability Litigation*, MDL No. 2272 ("MDL-2272"). In support of this motion, the Zimmer Defendants state:

        1.    The Zimmer Defendants were served with the Complaint on August 15, 2011. Responsive pleadings are currently due on September 6, 2011, which time has not expired.

        2.    This is one of multiple product liability cases in which the plaintiff alleges that the Zimmer Defendants designed, manufactured, and sold an allegedly defective

*NexGen* branded artificial knee implant, which allegedly caused the plaintiff to suffer damages.

3. On August 8, 2011, the JPML created MDL-2272 and began transferring cases involving *NexGen* branded artificial knee implants to the United States District Court for the Northern District of Illinois (the "Transferee Court") for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In Re: Zimmer NexGen Knee Implant Products Liability Litigation*, (J.P.M.L. 2011) [Doc. No. 110] attached as Exhibit A to the Declaration of Phoebe A. Wilkinson. Describing the primary purposes of consolidating these cases, the JPML stated that "[c]entralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary." *See id.* at 2.

4. The defendants submitted this action to the JPML as a tag-along for transfer to the Transferee Court on August 22, 2011, and the JPML will likely transfer it conditionally. *See* Notice Of Potential Tag-Along Action [Doc. No. 127] attached as Exhibit B to the Declaration of Phoebe A. Wilkinson. The Parties expect transfer of this case to be completed promptly.

5. A stay of all proceedings in this Court pending transfer is appropriate because such a stay will promote judicial economy and consistency. Indeed, the Transferee Court is expected to decide multiple pre-trial issues likely to arise in the cases transferred to MDL-2272.

6. A stay in this Court pending transfer to the MDL-2272 will not prejudice the plaintiff. Once the case is transferred, the Transferee Court will issue its pretrial schedule and coordinated discovery likely will proceed.

7.   Counsel for the Zimmer Defendants tried contacting counsel for the plaintiff by telephone regarding this motion but was unable to reach him.  Therefore, the Zimmer Defendants are not authorized to represent that the plaintiff consents to this motion.

WHEREFORE, the Zimmer Defendants respectfully request that this Court enter an order staying all proceedings, including but not limited to any deadline for an answer or other response to the Complaint, the period for initial disclosures pursuant to Rule 26, and all other discovery and pretrial deadlines pending transfer of this case to MDL-2272, and that the Court grant all other appropriate relief.

Dated:  August 31, 2011                     Respectfully submitted,

/s/Phoebe A. Wilkinson
Phoebe A. Wilkinson, Atty No. PW-3143
CHADBOURNE & PARKE, LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone:  (212) 408-1157
Facsimile:  (646) 710-1157
pwilkinson@chadbourne.com

Attorneys for the defendants, Zimmer Surgical, Inc. (f/k/a Zimmer Orthopaedic Surgical Products, Inc.), and Wilson/Phillips Holdings, Inc.

Of Counsel:

Andrea Roberts Pierson, Atty. No. 18435-49-A
Haroon Anwar, Atty. No. 29135-5310
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
andrea.pierson@bakerd.com
haroon.anwar@bakerd.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that service of Zimmer Defendants' Motion To Stay Pending Transfer To Multidistrict Proceedings was made by means of the Notice of Electronic Filing, this the 31st day of August, 2011, to the following counsel of record:

>Hunter J. Shkolnik (HS-4854)
>NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
>350 Fifth Avenue, Suite 7413
>New York, New York  10118


>/s/Phoebe A. Wilkinson